UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-307-RJC
(3:06-cr-190-RJC-1)

| | |
|---|---|
| JUSAMUEL R. MCCREARY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Vacate filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Motion is DENIED and DISMISSED.

**I.     BACKGROUND**

On July 26, 2006, Petitioner was charged with seven counts in an indictment returned by the grand jury sitting in the Western District of North Carolina. (3:06-cr-190, Doc. No. 1: Indictment). Petitioner was appointed counsel and later entered into a plea agreement with the United States wherein the Petitioner agreed to plead guilty to counts two and three of the indictment in return for an agreement from the United States to dismiss the remaining counts. (Doc. No. 34: Plea Agreement). On November 28, 2006, Petitioner appeared with counsel before a United States Magistrate Judge for his Rule 11 hearing. Following the standard colloquy, the magistrate judge accepted Petitioner's guilty plea to counts two and three of the indictment. (Doc. No. 35: Acceptance and Entry of Guilty Plea). On December 7, 2007, Petitioner appeared with counsel before the Court for his sentencing hearing. The Court sentenced Petitioner to 151-

1

months imprisonment for conviction of count two, and 120-months imprisonment for conviction of count three with such sentence to run consecutively to the sentence imposed for count two. (Doc. No. 65: Judgment at 2). Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 67). On March 13, 2009, the Fourth Circuit filed an unpublished opinion affirming Petitioner's conviction and sentence in all respects. See United States v. McCreary, 317 F. App'x 333 (4th Cir. 2009). Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. (3:12-cv-307, Doc. No. 1 at 3).

On March 2, 2012, Petitioner filed motions to rectify the record and address grievances, and on April 13, 2012, Petitioner filed a motion to correct the docket. (3:06-cr-190, Doc. Nos. 81-83). On April 18, 2012, the Court entered an Order denying Petitioner's motions without prejudice after finding that the relief Petitioner was seeking would have to be pursued by way of a motion filed pursuant to 28 U.S.C. § 2255. The Court directed the Clerk of Court to send Section 2255 forms to Petitioner along with a copy of the Order denying Petitioner's motions. The Court noted that Petitioner's conviction had been final for more one year, and therefore advised Petitioner that he must explain why his Section 2255 motion should be deemed timely filed. (Doc. No. 84: Order at 1-2 (citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)). On April 27, 2012, Petitioner filed a motion asking the Court to reconsider its Order denying his motions, (Doc. No. 85), and the Court entered on Order on May 3, 2012, denying Petitioner's request for relief. (Doc. No. 86).

On May 9, 2012, Petitioner filed the present Motion seeking relief under 28 U.S.C. § 2255. (3:12-cv-307, Doc. No. 1). In this motion, Petitioner presents the general claim that the United States lacked jurisdiction to prosecute him under the federal statutes for which he was charged, and the Court lacked jurisdiction to impose his sentence following conviction.

Petitioner supports this claim by arguing that in light of a recent Supreme Court decision, <u>Bond v. United States</u>, 131 S.Ct. 2355 (2011), he has standing to raise challenges to his sentence and conviction, including claims under the Tenth Amendment to the United States Constitution, claims regarding ex post facto, separation of powers, and his right to due process. The culmination of these collective constitutional violations, as Petitioner contends, means that he is "actually, legally, and factually innocent of any all of the federal statutes" under which he was convicted and sentenced, and that failure to entertain his claims will result in a miscarriage of justice. (Doc. No. 1-3: Memorandum in Support of Section 2255 Motion, at 1-3).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary is from the United States, Further, the Court finds that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

Petitioner did not file for a petition for a writ of certiorari with the Supreme Court. Therefore, his conviction became final on or about June 13, 2009, which is 90 days after the Fourth Circuit filed its unpublished opinion affirming Petitioner's conviction and sentence. <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522 (2003). Petitioner filed his Section 2255 motion on or about May 9, 2012, but in any event nearly three years after his conviction became final. The Court provided Petitioner with an opportunity to explain why his Section 2255 motion should be deemed timely filed. (3:06-cr-190, Doc. No. 84 at 2). In his response, Petitioner summons "the

3

spirit" of the First Amendment, and clearly acknowledges this Court's Order regarding the issue of the timeliness of his Section 2255 motion. (3:12-cv-307, Doc. No. 1-3 at 1). Petitioner includes a host of reasons why his Section 2255 motion should be deemed timely filed. Petitioner asserts "newly discovered evidence," a "new rule of constitutional law," "an intervening change in law," "actual, legal and factual innocence," a "miscarriage of justice" and that all of the foregoing reasons are brought before the Court within one year of the date the Supreme Court filed its decision in Bond on June 16, 2011. (Id. at 1-2).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner is mistaken in his argument that the Supreme Court's decision in Bond presents him with an opportunity to file a timely Section 2255 motion within one-year of the

filing date of that decision. The Supreme Court did not recognize a new constitutional right as Petitioner contends. Petitioner bases his challenge to his conviction and sentence, in part, on arguments grounded in Tenth Amendment and separation of powers jurisprudence. While Bond did hold that a defendant had standing to challenge a federal statute as violating the Tenth Amendment, or raise challenges based on separation of powers, these are not newly recognized rights. In fact, in the Bond decision, the Supreme Court specifically recognized a Fourth Circuit opinion from twenty years ago as being consistent with its decision regarding a defendant's right to raise a challenge under the Tenth Amendment. Bond 131 S. Ct. at 2361 (citing Metrolina Family Practice Group, P.A. v. Sullivan, 767 F. Supp. 1314 (W.D.N.C.), aff'd 929 F.2d 693 (4th Cir. 1991). Accordingly, Petitioner's argument that his Section 2255 is timely because Bond recognized a new right and made it retroactive to cases on collateral review must fail.

Petitioner lists a string of other constitutional challenges which he appears to contend sprang from the Bond decision and which he now seeks to advance in this Section 2255 action. (Doc. No. 1-3 at 1). There is no support for Petitioner's contention that his ex post facto claim and his claim under the due process clause were born of the Bond decision. These, again, are not claims which the Bond Court held were newly recognized.[1] These arguments are untimely.[2]

---

[1] Petitioner contends that all of the "new rights" which were recognized in Bond render him actually innocent of the federal charges to which he first pled guilty and was later convicted. In order to successfully plead a claim of actual innocence, Petitioner must show that no reasonable juror would have convicted him in light of the new evidence not presented at trial. See Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). Petitioner has in no way begun to meet this high burden and this claim must fail.

[2] Petitioner did not raise the issues he raises in his Section 2255 motion on appeal and they would likely be procedurally defaulted even if his petition was clearly in-time, absent a showing of cause and prejudice. See United States v. Frady, 456 U.S. 152, 165 (1982); see also Bousley v. United States, 523 U.S. 614, 622 (1998). Petitioner can make no such showing here as he contends that he could not have raised these issues until the Boyd decision was filed.

5

The Court finds that Petitioner has failed to demonstrate that his motion is timely under 28 U.S.C. § 2255(f), and absent a showing of equitable tolling, his claims must be dismissed. Holland v. Florida, 130 S. Ct. 2549, 2554 (2010) (equitable tolling applies to the AEDPA's statute of limitations). In order to be entitled to equitable tolling, the Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562. However, this remedy is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)), cert. denied 541 U.S. 905 (2004); see also United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (finding a prisoner must be precluded from compliance by circumstances external to his own conduct). Petitioner contends that he is locked down for 23-hours a day and has an inadequate law library, and he has only limited access to legal materials or legal assistance. (Doc. No. 1-2 at 2). These grounds raised by Petitioner do not support the extraordinary remedy of equitable tolling, especially in light of the fact that these rights which Petitioner claims are not newly recognized.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

    Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge